RECEIVED

AUG 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Rick Erwin
Carol Erwin

No: 1:05-cv-01698(EGS)

Plaintiff(s),

**RESPONSE TO MOTION
TO VACATE/MOTION
FOR SUMMARY
JUDGMENT**

v.

United States (Government)

Defendant.

Plaintiff hereby responds:

Defendant has filed a totally frivolous motion to vacate entry of default.

Defendant presents the following issues, all of them totally frivolous.

1.    That I/we seek a refund of all taxes.

2.    That I/we seek an injunction against further tax collection.

3.    That I/we seek declaratory relief.

4.    That I/we seek damages for alleged "wrongful collect" of federal taxes.

As shown below counsel misreads, misunderstands, mischaracterizes and misrepresents plaintiffs' complaint. All of the grounds counsel alleges are frivolous.

Defendant's motion fails on each grounds, as follows:

### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### SHOULD BE TREATED AS MOTION FOR SUMMARY JUDGMENT

Plaintiff(s) assert(s) that because the motion to vacate in the instant case raises issues outside the Complaint, the instant motion must be treated, and decided, as a motion for summary judgment.

---

Rick Erwin v United States
(Government) No. 1:05-cv-
01698(EGS)

Page 1 of 8

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

Fed.R.Civ.P. 12(b) states:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. ... the court presumes that plaintiff's well-pleaded allegations are true, resolves all doubts and inferences in plaintiff's favor.

Defendants' motion through misreading, misunderstanding, mischaracterization and misrepresentation, attempts to convert the instant damages action into a refund action/injunctive relief action neither brought nor intended. In deciding a motion for summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure,

"[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As interpreted by the courts, the Rule requires that

"any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."

Neal v. Kelly, 963 F.2d 453, at 456 (D.C. Cir. 1993) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

Movant (United States) has failed to include affidavits containing factual assertions of a person competent to testify, having personal knowledge of facts. Plaintiffs have

supported their pleadings with sworn affidavit and the factual assertions therein must be accepted as true.

The defendants' motion not being supported as provided in Rule 56 rests upon mere allegations. The court presuming that plaintiff's well-pleaded allegations are true, resolves all doubts and inferences in plaintiff's favor and plaintiff having filed a verified Complaint supported by affidavit, Summary judgment, if appropriate, should be entered in Plaintiff's favor.

### 12(b)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) a claim may be dismissed on only two grounds: (1) it asserts a legal theory that is not cognizable as a matter of law, or (2) it fails to allege sufficient facts to support a cognizable legal claim. Therefore, in order for the Court to dismiss for failure to exhaust administrative remedies under 12(b)(6) failure to exhaust must assert a legal theory that is not cognizable as a matter of law, or failure to exhaust must be an issue of fact.

The Court has held that failure to exhaust is an issue of law and may be decided by the court[1]. To be decided as a matter of law under 12(b)(6) failure to exhaust must rise to the level of asserting a legal theory that is not cognizable as a matter of law. In both Masterson v. United States of America, D.D.C. 05-1807 (JDB); and Turner v. United States, D.D.C. 05-1716 (JDB), (upon which Masterson relied), the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not

---

[1] The Court did not identify the criteria upon which it used to make the decision that failure to exhaust fails as a matter of law. It appears that the courts decision was arbitrary and was made in the absence of facts to support the court's decision.

Rick Erwin v United States
(Government) No. 1:05-cv-
01698(EGS)
                                Page 3 of 8                   RESPONSE TO MOTION TO DISMISS /
                                                             MOTION FOR SUMMARY JUDGMENT
                                                             ALTERNATIVE MOTION TO BIFURCATE

cognizable as a matter of law[2].  Therefore, even if failure to exhaust is an issue of law the instant matter cannot be dismissed for failure to exhaust because it does not rise to the level of asserting a legal theory that is not cognizable as a matter of law.

As plaintiffs understand, failure to exhaust is not an issue that asserts a legal theory that is not cognizable as a matter of law.

Pursuant to Turner which cites as a district precedent Koerner (dual cases), which were held to have set forth sufficient facts to survive a failure to state a claim motion. Koerner was improperly dismissed for want of subject matter jurisdiction.  As shown below failure to exhaust is not jurisdictional.  Thus, the court did have subject matter jurisdiction and the dismissal was improper.  The instant case is indistinguishable from Koerner. Therefore Koerner is precedent with respect to adequacy of the instant Complaint, resulting in a similar finding.

Rule 12(b)(6) requires that if there is even one fact that remains unsettled a Rule 12(b)(6) motion fails. Thus if even one of the factual allegations contained in plaintiff's complaint remain unsettled then a 12(b)(6) motion must fail.

Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F. 3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997).  Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting

---

[2] Therefore Mastem, Turner, Koerner, Scott, etc were all improperly dismissed because the court has held that failure to exhaust is not jurisdictional and the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not cognizable as a matter of law.  Therefore, dismissal pursuant to 12(b)(6) was also improper.

taxpayer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

Plaintiff(s) emphasize to the Court that the decision in <u>Huff</u> and <u>Mulvania</u> (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. Absent an assessment, **NO TAX EXISTS**.    <u>Rosenman v. Commissioner</u>, 323 US 658 (1945) (a tax does not exist absent an assessment).  Thus, even though the court may find that the plaintiff(s) may have failed to exhaust administrative remedies, administrative remedies is only one of the factual issues raised in plaintiff's complaint upon which the court may decide.  As set forth above when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.

If, as the defendant asserts, "Plaintiff's case is one of more than 70 known cases filed in this Court with identical or nearly identical complaints, <u>Mastrerson</u>, <u>Turner</u> and <u>Koerner</u> being among those "identical or nearly identical" cases, then pursuant to <u>Koerner</u> failure to state a claim is settled in that plaintiff's complaint sets forth sufficient facts to survive a failure to state a claim motion.

Rick Erwin v United States
(Government) No. 1:05-cv-
01698(EGS)

Page 5 of 8

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

## EXHAUSTION

Contrary to defendant's position in this matter plaintiff(s) have filed an administrative claim with Internal Revenue Service, Area 10, Area Director, Dallas, 4050 Alpha Road, 1000 MSRO, Dallas, TX 75244.

## SERVICE WAS SUFFICIENT

Counsel confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

(1)    Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...

While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail...". Even if service was insufficient the remedy is to allow plaintiff(s) to reserve not dismiss.

Dismissal on grounds of insufficiency of service should be denied.

## OTHER GROUNDS

Counsel alleges that the Court does not have subject jurisdiction over plaintiffs'

claim for a tax refund. Counsel alleges that plaintiffs have not alleged that they fully paid their tax liabilities. Counsel alleges that plaintiffs seek an injunction to prevent the Internal Revenue Service from collecting the taxes due. Counsel further alleges that plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further tax collection activities.

Counsel's above cited allegations are patently frivolous. Before plaintiffs can claim a refund of taxes due plaintiffs must have paid taxes, which implies that the IRS must have assessed taxes due. Before plaintiffs can have a tax liability the IRS must have assessed taxes due. Before plaintiffs can seek an order enjoining any further tax collection activities the IRS must have assessed taxes due. In the instant matter counsel has not made a showing that there are any properly assessed taxes due. In the absence of procedurally properly assessments the IRS is not engaged in the collection of taxes, the IRS is seeking an unlawful exaction in the guise of a tax, i.e. felony extortion. In the absence of a procedurally proper assessment counsel's argument is patently frivolous. The existence of a procedurally proper assessment is an issue of fact that must be tried to a trier of fact.

Dismissal on the above frivolous grounds should be denied.

For the above reasons plaintiff(s) request(s) the Court treat the defendants' motion to dismiss as a Motion for Summary Judgement and Summary judgment, if appropriate, should be entered in plaintiff's favor.

Respectfully,

/
/
/
/

Rick Erwin v United States
(Government) No. 1:05-cv-
01698(EGS)

Page 7 of 8

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

Dated _____, 2006

_____
Rick Erwin
6120 N Lakeway Dr.
Warr Acres OK 73132

_____
Carol Erwin
6120 N Lakeway Dr.
Warr Acres OK 73132

On the above inscribed date before the undersigned, a Notary Public for the State of Oklahoma, personally appeared, Rick Erwin, Carol Erwin known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Oklahoma

CHERIE CLYMER
Oklahoma County
Notary Public in and for
State of Oklahoma
Commission # 03013321  Expires 11/03/07

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Pat Ginis
U.S. Dept of Justice
P.O. Box 277
Ben Franklin Station
Washington D.C. 20044

Dated _____, 2006

_____
Rick Erwin