UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICK & CAROL ERWIN,

    Plaintiffs,

     v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 05-1698 (CKK)

**MEMORANDUM OPINION**
(September 15, 2006)

*Our Constitution is in actual operation; everything appears to promise that it will last; but in this world nothing is certain but death and taxes.*

- Benjamin Franklin, 1789 Letter to M. Le Roy

*Pro Se* Plaintiffs Rick and Carol Erwin bring this action against Defendant the United States pursuant to the Taxpayer Bill of Rights, 26 U.S.C. § 7433 ("TBOR"), alleging that "principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service" ("IRS") "recklessly, intentionally or by reason of negligence[,] disregarded and continue to disregard provisions of [the Internal Revenue Code ("IRC"),] Title 26 of the United States Code[,] and the regulations promulgated thereunder." Compl. ¶ 1. Accompanying Plaintiffs' Complaint is an "Emergency Application for Preliminary Injunction Notwithstanding Anti-Injunction Act," which contends that this Court should enjoin the IRS and its agents "from engaging in any further collection activity[,] whether civil or criminal[,] until all claims are fully resolved, and the return of all sums wrongfully collected." *Id.* ¶ 34; *see also* Pls.' Mot. for a Prelim. Inj. at 1-2.

Following an entry of default by the Clerk of the Court in this case on February 14, 2006, and the reassignment of Plaintiffs' action to this Court, Defendant the United States finally made an appearance on July 27, 2006 via a Motion to Vacate Entry of Default and Cross-Motion to Dismiss. Defendant's Motion contends that the entry of default must be vacated and the case dismissed because (1) Plaintiffs "failed to properly serve the United States with a summons and complaint, and therefore, the Court lacks jurisdiction over the person of the United States"; and (2) "the Court lacks subject matter jurisdiction over the complaint, due to [P]laintiffs' failure to exhaust administrative remedies prior to filing their suit." Def.'s Mot. to Dismiss at 1. Following a July 31, 2006 Order by this Court informing Plaintiffs of their obligations pursuant to *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988), Plaintiffs submitted an Opposition to Defendant's Motion to Dismiss that was received by this Court on August 21, 2006, completing the relevant briefing in this matter.

Upon a searching examination of the relevant filings, the attached exhibits, the relevant case law, and the entire record herein, the Court shall grant Defendant's Motion to Vacate Entry of Default and Cross-Motion to Dismiss in full.

## I: BACKGROUND

Plaintiffs brought this action via a Complaint dated August 25, 2005, whereupon the case was assigned to the Hon. Emmet G. Sullivan of the United States District Court for the District of Columbia. This case is one of at least a dozen virtually identical lawsuits brought in this jurisdiction by tax protestors – allegedly proceeding *pro se* – asserting a variety of forms of

misconduct by the IRS.[1]  The Complaint in this case contains a deficiency seen in most of these

cases – namely, it provides no particularized facts specifically pertaining to Plaintiffs Rick and

Carol Erwin; instead, it consists almost entirely of argument and restatement of putatively

pertinent legal standards.  *See* Compl. ¶¶ 8-26.  Moreover, even the few passages in the

Complaint that purport to describe "facts" that support Plaintiffs' position merely offer

boilerplate recitations of the factual showings required to satisfy the various statutory provisions

relied upon by Plaintiffs.  *See id.* ¶¶ 5, 7(a)-(r), 27-30.

In short, Plaintiffs' Complaint attempts to catalogue seventeen (17) distinct provisions of

the IRC which they claim have been contravened by the IRS.  *See id.* ¶ 7(a)-(r).[2]  Plaintiffs

contend that Defendant, through agents of the IRS, violated the following provisions of the IRC

during its levy of taxes against them:[3]

1.    26 U.S.C. § 6201, by failing to make an assessment of the taxes owed by
Plaintiffs;

---

[1] *See, e.g.*, *Koerner v. United States*, Civ. A. No. 05-1600 (ESH); *Brandt v. United States*, Civ. A. No. 05-1613 (ESH); *Radcliffe v. United States*, Civ. A. No. 05-1624 (EGS); *Schafrath v. United States*, Civ. A. No. 05-1656 (GK); *Turner v. United States*, Civ. A. No. 05-1716 (JDB); *Shoemaker v. United States*, Civ. A. No. 05-1736 (RWR); *Lindsey v. United States*, Civ. A. No. 05-1761 (RBW); *Garvin v. United States*, Civ. A. No. 05-1775 (RBW); *Lohmann v. United States*, Civ. A. No. 05-1976 (HHK); *Masterson v. United States*, Civ. A. No. 05-1807 (JDB); *Gross v. United States*, Civ. A. No. 05-1818 (JR); *Holyoak v. United States*, Civ. A. No. 05-1829 (HHK); *Travis v. United States*, Civ. A. No. 05-1867 (RCL); *Scott v. United States*, Civ. A. No. 05-2043 (ESH); *Anderton v. United States*, Civ. A. No. 06-129 (RBW).

[2] Plaintiffs allege two separate violations of 28 U.S.C. § 6203 – failure "to record an assessment of the taxes plaintiff(s) allegedly owe(s)" and failure "to furnish plaintiff(s) copies of records of assessment upon plaintiff(s) request."  *See* Compl. ¶ 7(c)-(d).  Accordingly, the Complaint alleges eighteen (18) violations of seventeen (17) provisions.

[3] Plaintiffs, in their Complaint, do not specify a beginning date and/or end date to these alleged violations, other than a brief statement that the "rogue" collection of taxes apparently began "with 'tax year' 1995."  Compl. ¶ 1.

2.     26 U.S.C. § 6202, by failing to make an assessment of the taxes owed by Plaintiffs within the time and mode set forth by the Secretary of the Treasury;

3.     26 U.S.C. § 6203, by failing to record an assessment of the taxes owed by Plaintiffs <u>and</u> by failing to furnish Plaintiffs copies of the assessment upon their request;

4.     26 U.S.C. § 7214(a), by attempting and continuing to attempt to collect sums greater than appear on records of assessment;

5.     26 U.S.C. § 6159, by abrogating Plaintiffs' "guaranteed" availability of an installment agreement;

6.     26 U.S.C. § 6321, by filing an invalid and unlawful Notice of Tax Lien against Plaintiffs;

7.     26 U.S.C. § 6325, by failing to release to liens "when it became obvious" that such liens were invalid and/or unlawful;

8.     26 U.S.C. § 6330(a), by failing to provide Plaintiffs with notice of a right to an impartial hearing;

9.     26 U.S.C. § 6402, by failing to refund all unassessed taxes taken from Plaintiffs following their written request;

10.    26 U.S.C. § 6404(g), by failing to suspend interest and penalties "for reason that defendant has not specifically stated the amount of, and the basis for the liability" Plaintiffs are alleged to owe;

11.    26 U.S.C. § 6501(a), by neglecting to assess taxes owed within three years;

12.    26 U.S.C. § 6751(a), by failing to include in a notice imposing the penalty (1) the name of the penalty; (2) the Code section authorizing the penalty; and (3) an actual computation of the penalty;

13.    26 U.S.C. § 6751(b)(1), by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination;

14.    26 U.S.C. § 7123(b)(1), by failing to provide Plaintiffs with non-binding mediation;

15.    26 U.S.C. § 7491(b), by refusing to prove items of income which were

4

reconstructed solely through the use of statistical information on unrelated taxpayers;

16.    26 U.S.C. § 7491(c), by refusing to produce any evidence with respect to the imposition of penalties and additions; and

17.    26 U.S.C. § 7602(a), by conducting a presumed financial status audit.

*Id.*

The Complaint seeks several forms of redress, including a declaratory judgment that Defendant has violated one or more of the demarcated IRC provisions, *id.* ¶ 31; an injunction barring any further collection of taxes from Plaintiffs, *id.* ¶ 34; a refund of all unassessed taxes and the return of property unlawfully seized, *id.* ¶ 33; and an award of damages under 26 U.S.C. § 7433 "to amend the reprehensible, egregious, and vexatious behavior of the defendant," *id.* ¶ 32.  Plaintiffs attempted to effectuate service upon Defendant by mailing a copy of the summons and Complaint via certified mail to the Attorney General and the United States Attorney for the District of Columbia on October 24 and October 26, 2005.  *See* Pls.' 1/7/06 Return of Service/Aff. of Summons & Compl.

Following Plaintiffs' apparent service, Plaintiffs filed a Request for Entry of Default on February 14, 2006, contending that Defendant's non-appearance and failure to answer their Complaint constituted a default.  *See* Pls.' 2/14/06 Mot. for Entry of Default at 1, ¶¶ 4-6.  The Clerk of the Court entered the requested default that same day, February 14, 2006.  *See* 2/14/06 Entry of Default.  On March 6, 2006, Judge Sullivan entered a *sua sponte* "show cause" order directing that Plaintiffs, by March 20, 2006, were to explain why the court had subject matter jurisdiction over their case – specifically, how they have "exhausted all administrative remedies," as required by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1(a), (e).  *See* 3/6/06 Show

5

Cause Order at 1. Judge Sullivan also directed that Plaintiffs were to "attach all documentation reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2)." *Id.*

In response to Judge Sullivan's "Show Cause" Order, Plaintiffs supplemented their filings with a March 17, 2006 "Response to Order to Show Cause and/or Motion to Dismiss," a March 17, 2006 "Brief on Defendant's Use of Computer 'Evidence'" (an odd filing given the fact that Defendant had not yet made an appearance in this matter, nor attempted to rely upon computer evidence), an April 19, 2006 "Addendum to Order to Show Cause," a May 1, 2006 "Addendum to Complaint No. 1," and a May 22, 2006 "Addendum to Complaint No. 2." Following the July 18, 2006 reassignment of Plaintiffs' action to this Court, Defendant finally made an appearance in this case via a "Motion to Vacate Entry of Default and Cross-Motion to Dismiss" on July 27, 2006. Plaintiffs entered an Opposition to Defendant's Motion on August 21, 2006, completing the relevant briefing with respect to Defendant's motion.

## II: LEGAL STANDARDS

### A.    *Motion to Dismiss Pursuant to Rule 12(b)(1)*

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A court may appropriately dispose of a case under 12(b)(1) for standing, and may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground*

*Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Artis v. Greenspan*, 223 F. Supp. 2d 139, 152 n.1 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment") (citing *Greenberg v. The Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th Cir. 1999)).  At the stage in litigation when dismissal is sought, the plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts.  *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject-matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

> B.      *Motion to Dismiss Pursuant to Rules 12(b)(4) & 12(b)(5)*

Federal Rules of Civil Procedure 12(b)(4) and (5) provide that a Court may dismiss a case due to "insufficiency of process" or "insufficiency of service of process" if the plaintiff fails to establish that he or she has properly effectuated service upon the defendant(s) pursuant to Federal Rule of Civil Procedure 4.  *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).  "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."  Charles Alan Wright & Arthur R. Miller, 4A *Federal Practice & Procedure* § 1083, at 12 (2d ed. 1987); *see also Light*, 816 F.2d at

751 (same); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (holding that "the plaintiff carries

the burden of establishing that he has properly affected service") (citation omitted).

    C.       *Motion to Dismiss Pursuant to Rule 12(b)(6)*

    In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, unlike

resolving a motion under Rule 12(b)(1), the court must construe the complaint in a light most

favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from

well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans

Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608

(D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must

be granted the benefit of all inferences that can be derived from the facts alleged."). While the

court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn

by the plaintiff[] if such inferences are not supported by the facts set out in the complaint."

*Kowal*, 16 F.3d at 1276. Moreover, the court is not bound to accept the legal conclusions of the

non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited

to considering facts alleged in the complaint, any documents attached to or incorporated in the

complaint, matters of which the court may take judicial notice, and matters of public record. *See

St. Francis Xavier Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth. v. Shalala*, 988

F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not

be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain

contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C.

Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)

(when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III: DISCUSSION

The Court shall begin its analysis by focusing on Defendant's contention that because Plaintiff Rick Erwin himself – a party to this litigation – "served the summons on the Attorney General and the United States Attorney for the District of Columbia . . . . plaintiffs have failed to properly serve the United States, and their complaint must be dismissed." Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss (hereinafter, "Def.'s Mem. of P. & A.") at 4. Following this discussion, the Court shall turn to an examination of the primary focus of Defendant's motion – i.e., Defendant's arguments that (1) pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court lacks jurisdiction to hear Plaintiffs' request for declaratory relief; (2) pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421, the Court lacks jurisdiction to hear Plaintiffs' request for injunctive relief; and (3) pursuant to the IRC's exhaustion of administrative remedies requirement, 26 U.S.C. § 7422(a), the Court lacks jurisdiction to hear the merits of Plaintiffs' refund claim.

> A.      *Defendant's Motion to Dismiss for Insufficient Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(4) and (b)(5)*

Plaintiffs in this case attempted to effectuate service upon Defendant the United States through the procedure described in Federal Rule of Civil Procedure 4(i)(1), which provides that:

> Service upon the United States shall be effected
>
> > (A)      by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk of the United States attorney and

>    (B)    by also sending a copy of the summons and of the complaint by
>           registered or certified mail to the Attorney General of the United
>           States at Washington, District of Columbia . . . .

Fed. R. Civ. P. 4(i)(1)(A)-(B).  Indeed, an examination of Plaintiffs' January 7, 2006 Return of

Service/Affidavit of Summons and Complaint, which attached certified mail return receipts,

reveals that Plaintiffs did mail a copy of the summons and Complaint via certified mail to the

Attorney General and the United States Attorney for the District of Columbia on October 24 and

October 26, 2005.  *See* Pls.' 1/7/06 Return of Service/Aff. of Summons & Compl.  However,

Plaintiffs' "Affadavit [sic] of Service" indicates that Plaintiff Rick Erwin – a party to this action

– was the individual that served the summons via mail.  *See id.* at 3 (showing Erwin's signature);

*see also* Pls.' 2/14/06 Mot. for Entry of Default at 1, ¶ 3 ("The record shows that plaintiffs served

the United States Attorney the summons and complaint on October 26, 2005.").

Importantly, Federal Rule of Civil Procedure 4(c)(2) provides that "[s]ervice may be

effected by *any person who is not a party* and who is at least 18 years of age."  Fed. R. Civ. P.

4(c)(2) (emphasis added).  While there has been some debate as to whether this restriction is

limited to personal service only, or applies to all methods of service, *see Lindsey v. United States*,

Civ. A. No. 05-1761(RBW), --- F. Supp. 2d ----, 2006 WL 2413720, at *4-*7 (D.D.C. Aug. 22,

2006) (discussing this debate), virtually every court that has addressed the issue has concluded

that Rule 4(i)(1) must be read in conjunction with the restrictions set out in Rule 4(c)(2).  *See,*

*e.g.*, *id.* at 5-*6; *MacLafferty v. United States*, Civ. A. No. 06-279(RMU), 2006 WL 2465391, at

*1 (D.D.C. Aug. 24, 2006) (same); *Burton v. United States*, Civ. A. No. 05-2121(RMU), 2006

WL 2465392, at *1 (D.D.C. Aug. 24, 2006) (same); *Donnally v. United States*, Civ. A. No. 05-

2049(RMU), 2006 WL 2465394, at *1 (D.D.C. Aug. 24, 2006) (same); *Foster v. United States*,

Civ. A. No. 05-1759(RMU), 2006 WL 2473615, at *1 (D.D.C. Aug. 24, 2006) (same); *Heath v. United States*, Civ. A. No. 05-2331(RMU), 2006 WL 2473616, at *1 (D.D.C. Aug. 24, 2006) (same); *Daniels v. G & M Towing*, Civ. A. No. 05-2647, 2006 U.S. Dist. LEXIS 15027, at *3-*4 (N.D. Ohio Mar. 31, 2006) (holding that requirement in Rule 4(c)(2) that service be effected by a non-party applies to service on the United States pursuant to Rule 4(i)(1)); *accord* Charles Alan Wright & Arthur R. Miller, 4A *Federal Practice & Procedure* § 1106, at 151 & n.13 (2d ed. 1987) (explaining that "[b]oth the delivery or mailing of process to the local United States attorney . . . and the mailing of copies of the summons and complaint to the Attorney General . . . should be accomplished by one of the persons authorized to make service by Rule 4(c)," but also noting that "there is no apparent reason why a person specified in Rule 4(c), rather than plaintiff or plaintiff's attorney, should be required to mail the copies of process to be served on the Attorney General . . .").

Given the fact that Plaintiff Rick Erwin effected service himself by sending the summons and Complaint in this case by certified mail to the Attorney General and the United States Attorney for the District of Columbia, it is clear that Plaintiffs did not comply with the basic requirements of Federal Rule of Civil Procedure 4(c)(2). As such, the apparent service upon Defendant was defective. "It is axiomatic that no valid judgment can be entered against the United States without proper service." Charles Alan Wright & Arthur R. Miller, 4A *Federal Practice & Procedure* § 1106 at 146 (2d ed. 1987). Accordingly, to the extent that Defendant's motion seeks to vacate the Clerk of the Court's February 14, 2006 Entry of Default, Defendant's motion must be granted.

However, the question then becomes how to treat Plaintiffs' defective service. Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that "[f]ailure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint." Fed. R. Civ. P. 4(m). Pursuant to this general rule, as construed by the D.C. Circuit in *Light*, 816 F.2d at 750, Judge Ricardo M. Urbina – in *MacLafferty*, *Burton*, *Donnally*, *Foster*, and *Heath* – dismissed similar actions brought by other tax protestors that suffered the same defective service problem as is present in this case. While the Court certainly understands this course of logic, and emphasizes that it certainly *could* grant Defendant's Motion to Dismiss in its entirety based on this reasoning, the Court is hesitant to take such a step in light of the considerations outlined by Judge Reggie B. Walton in *Lindsey*. *See Lindsey*, --- F. Supp. 2d ----, 20006 WL 2413720, at *7. Namely, notwithstanding the fact that Plaintiffs' Complaint is basically identical to those filed in numerous other "*pro se*" cases in this jurisdiction, *see supra* n. 1, Plaintiffs are technically proceeding *pro se*. As such, their Complaint must therefore be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000). Courts within this Circuit have consistently interpreted the Supreme Court's instruction in *Haines* as encompassing all filings submitted by *pro se* litigants, not just their pleadings. *See, e.g.*, *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that "[c]ourts must construe pro se filings liberally"); *Voinche v. Fed. Bureau of Investigation*, 412 F. Supp. 2d 60, 70 (D.D.C. 2006) (observing that "[t]his Court gives *pro se* parties the benefit of the doubt and may ignore some technical shortcomings of their filings" and applying the *Haines* rule to a plaintiff's summary judgment motion).

12

Indeed, the D.C. Circuit itself has emphasized that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Although "district courts do not need to provide detailed guidance to pro se litigants," they should at least "supply [*pro se* plaintiffs] minimal notice of the consequences of not complying with procedural rules." *Id.*; *see also Calloway v. Brownlee*, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (holding that the court "must take pains to protect the rights of *pro se* parties against the consequences of technical errors") (citing *Haines*, 404 U.S. at 520, 92 S.Ct. 594). Pursuant to *Moore*, courts within this jurisdiction have adhered to the basic premise that "rules governing service of process should not be enforced with draconian rigidity where courts have not first informed *pro se* plaintiffs of the consequences of failing to effect proper service and where defendants are in no material way prejudiced by a minor defect in the manner in which service of process was attempted." *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *6 n.6 (citing *Thomas v. Knight*, 257 F. Supp. 2d 86, 88 n.1 (D.D.C. 2003) ("[n]ormally, the Court would give a *pro se* plaintiff an opportunity to perfect service of process"); *Hilska*, 217 F.R.D. at 22 (citing *Moore* and denying motion to dismiss a *pro se* plaintiff's complaint for insufficient service of process where plaintiff had not received minimal notice of the consequences of failing to make proper service)).

Here, prior to the issue raised by Defendant in its Motion to Dismiss, the Court had provided no service-related instruction to Plaintiffs of the kind required by *Moore*, 994 F.2d at 876, making clear the consequences of failing to perfect service of process. Moreover, as was the case in *Lindsey*, "the particular defect in the service performed by [P]laintiffs was not significant." *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *7. As Judge Walton stressed,

13

"the defendant cannot seriously contend that the identity of the person who sent the summons and complaint by certified mail prejudiced the defendant in any way," *id.*, especially because the Court has granted Defendant relief from the ensuing Entry of Default.  In short,

> [w]hatever policies underlie Rule 4(c)(2)'s requirement that parties not effect service of process themselves would not be served by dismissing this case on the grounds that one of the *pro se* plaintiffs himself mailed the summons and complaint to the defendant rather than soliciting a stranger to mail them on the plaintiffs' behalf.

*Id.*  In sum, given the rather insignificant defect in service, the traditional leniency granted to *pro se* plaintiffs, and the fact that Defendant clearly has notice of this action and has made an appearance, the Court shall deny Defendant's Motion to Dismiss to the extent that it seeks dismissal solely based on insufficient service of process.  Instead, the Court shall turn its analysis to the other major arguments forwarded by Defendant, each of which ultimately strike at the merits of Plaintiffs' claims.

>    B.    *Defendant's Motion to Dismiss for Lack of Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or For Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

>        1.    <u>The Court is Without Jurisdiction to Entertain Plaintiffs' Declaratory Judgment Request</u>

One of the "remed[ies] sought" by Plaintiffs in their Complaint includes a declaratory judgment that Defendant has violated one or more of the demarcated IRC provisions.  *See* Compl. ¶ 31.  Specifically, Plaintiffs seek a

> [d]etermination that the defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of Federal Tax from the plaintiff(s), recklessly, intentionally or by reason of negligence disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

14

*Id.*

> Unfortunately for Plaintiffs, the Declaratory Judgment Act provides:
>
> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986*, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon filing an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). As such, the authority conferred to the Court by Section 2201(a) to provide declaratory relief clearly does not extend to federal taxation cases unless the case arises under 26 U.S.C. § 7428. Plaintiffs' Complaint plainly does not implicate Section 7428, which permits certain federal courts to entertain challenges to determinations made by the Secretary of the Treasury as to whether an entity qualifies as a tax-exempt non-profit organization under 26 U.S.C. § 501(c)(3) or 26 U.S.C. § 170(c)(2), a private foundation pursuant to 26 U.S.C. § 509(a) or 26 U.S.C. § 4942(j)(3), or a cooperative under 26 U.S.C. § 521(b). *See* 26 U.S.C. § 7428(a)(1).

Given that Plaintiffs do not fall within one of the exceptions set out in the Declaratory Judgment Act, this Court clearly does not have a jurisdictional basis upon which to hear their declaratory relief claim. *See Nat'l Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1431-32 (D.C. Cir. 1995) (noting that 28 U.S.C. § 2201(a) imposes a jurisdictional barrier to suit). Accordingly, the Court shall grant Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) to the extent that it raises a jurisdictional challenge to Plaintiffs' request

for declaratory judgment. *See Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *8, *16

(reaching the same conclusion).

> 2. The Court is Without Jurisdiction to Entertain Plaintiffs' Request for Injunctive Relief

In addition to their claim for declaratory judgment, Plaintiffs' Complaint also seeks an

injunction barring any further collection of taxes from Plaintiffs. *See* Compl. ¶ 34; Pls.' Mot. for

a Prelim. Inj. at 1-2. According to Plaintiffs,

> [t]he cause of justice and the rule of law justly require this court's Order enjoining the Internal Revenue Service, its officers, employees and anyone working or acting on behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity[,] whether civil or criminal[,] until all claims are fully resolved, and the return of all sums wrongfully collected.

Compl. ¶ 34.

Once again, Plaintiffs' claim runs into an apparent jurisdictional bar. The Anti-Injunction

Act provides, in relevant part:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). According to the Supreme Court, the language of the Anti-Injunction Act

"could scarcely be more explicit." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038,

40 L.Ed.2d 496 (1974). That is, "[t]he object of § 7421(a) is to withdraw jurisdiction from the

state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal

taxes." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5, 82 S.Ct. 1125, 8 L.Ed.2d

292 (1962); *see also Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *9 (determining that

defendant's Anti-Injunction Act argument challenged the court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)).

Importantly, none of the statutory exceptions delineated in Section 7421 is applicable here: Plaintiffs' Complaint, which asserted the violation of seventeen (17) separate violations of the IRC, does not name any of the provisions listed in Section 7421, *see* Compl. ¶ 7(a)-(r), and Plaintiffs' Opposition to Defendant's Motion to Dismiss also fails to make reference to any of the excepted provisions, *see* Pls.' Opp'n to Def.'s Mot. to Dismiss at 1-7. Perhaps realizing this failing, Plaintiffs seek to avoid the jurisdictional bar of the Anti-Injunction Act by contending that their action falls under one of the two judicially-created exceptions to the Anti-Injunction Act – i.e., "if it is clear that under no circumstance could the Government ultimately prevail" and "equity jurisdiction otherwise exists." *See Williams Packing*, 370 U.S. at 7, 82 S.Ct. 1125 (cited at Compl. ¶ 30; Pls.' Mot. for a Prelim. Inj. at 1-2).[4]

Because the two-pronged *Williams Packing* exception is dispositive of the Court's jurisdiction over Plaintiffs' claim for an injunction, the burden is on Plaintiffs to establish that the exception applies in this case. *See Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *17 (citing *DaimlerChrysler Corp. v. Cuno*, --- U.S. ----, 126 S.Ct. 1854, 1861 n.3, 164 L.Ed.2d 589

---

[4] Courts have also recognized a second exception to the prohibition imposed by the Anti-Injunction Act, applicable in cases where "the plaintiff has no alternative legal avenue for challenging a tax." *South Carolina v. Regan*, 465 U.S. 367, 373, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). This exception was created under the reasoning that "the [Anti-Injunction] Act's purpose and the circumstances of its enactment indicate that Congress did not intend the Act to apply to actions brought by aggrieved parties for whom it has not provided an alternative remedy." *Id.* at 378, 104 S.Ct. 1107; *see also Nat'l Taxpayers Union*, 68 F.3d at 1436 (discussing the second exception created by the Supreme Court in *South Carolina*). Plaintiffs here, however, have not asserted that this second exception applies in this case. As such, the Court shall not address its potential applicability vis-á-vis Plaintiffs' claims.

(2006) (holding that "the party asserting federal jurisdiction when it is challenged has the burden of establishing it"); *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970) (indicating that the plaintiff must establish the applicability of the *Williams Packing* exception)).  This exception is "extremely narrow."  *Spencer v. Brady*, 700 F. Supp. 601, 604 (D.D.C. 1988); *see also Laing v. United States*, 423 U.S. 161, 196, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976) (Blackmun, J., dissenting) ("[t]his obviously is a very narrow exception").  Plaintiffs asserting this argument must show that (1) even "under the most liberal view of the law and the facts," "to be determined on the basis of the information available to [the Government] at the time of the suit," the United States cannot establish its claim, *see Williams Packing*, 370 U.S. at 7, 82 S.Ct. 1125; and (2) "the record . . . indicate[s] that equitable considerations justify relief," i.e., irreparable harm will flow because there is no adequate alternative forum in which the plaintiffs may litigate their claims, *id.* at 6-7, 82 S.Ct. 1125.

As was the case in *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *18, Plaintiffs have plainly failed to meet the burden of showing that the *Williams Packing* exception applies.  First, Plaintiffs have offered nothing but a broad, factually unsupported assertion that "[t]he United States has no possibility of rebutting the claims of plaintiff(s) . . . ."  Compl. ¶ 30.  Importantly, Plaintiffs have failed to specify the tax years in which the allegedly improper assessments were made against them, the categories of taxes at issue, or the amounts and/or dates of the improper tax assessments.  *See generally* Compl.  As such, based on what has been submitted, the Court simply cannot conclude that even "under the most liberal view of the law and facts" the Government clearly cannot prevail.  *See Williams Packing*, 370 U.S. at 7, 82 S.Ct. 1125.  In addition to failing to establish the first prong of the relevant analysis, Plaintiffs have also failed to

18

demonstrate the second component, as they have offered no factual support whatsoever for their

sweeping allegation that "[the] Plaintiff(s) has/have [sic] suffered extreme hardship." Compl. ¶

30.  Indeed, it is clear that the IRC does provide Plaintiffs with at least two adequate forms of

alternative relief:  (1) Plaintiffs could temporarily forestall collection – the ultimate relief that

they request – by demanding a "collection due process hearing" with the IRS, pursuant to 26

U.S.C. § 6330; or (2) Plaintiffs can fully pay the taxes apparently owed and *then* file a claim for a

refund.  *See* Def.'s Mot. to Dismiss at 7-8.  Accordingly, the Court must reject Plaintiffs' cursory

contention that the narrow *Williams Packing* exception to the Anti-Injunction Act applies in this

case.[5]  Given the clear applicability of the Anti-Injunction Act, 26 U.S.C. § 7421(a), the Court (1)

must grant Defendant's Motion to Dismiss Plaintiffs' Complaint for lack of jurisdiction, pursuant

to Federal Rule of Civil Procedure 12(b)(1), to the extent that it seeks injunctive relief, and (2)

must deny Plaintiffs' "Emergency Application for Preliminary Injunction Notwithstanding Anti-

Injunction Act."

---

[5] Plaintiffs also briefly contend that the Supreme Court's decision in *Laing* controls the issue here.  *See* Compl. ¶ 30; Pls.' Mot. for a Prelim. Inj. at 1-2.  The *Laing* Court specifically held that the Anti-Injunction Act did not act as a bar in a case where the District Director both (1) failed to comply with [the notice] requirements [of 26 U.S.C. § 6861(b)]" <u>and</u> (2) failed to comply with the procedures set out in 26 U.S.C. § 6863, which "bars the offering for sale of property seized until the taxpayer has had an opportunity to litigate in the Tax Court."  *See Laing*, 423 U.S. at 184-85, 96 S.Ct. 473.  However, Plaintiffs in this case have not alleged a violation of either Section 6861(b) or Section 6863, *see* Compl. ¶ 7(a)-(r).  Moreover, they have failed to present any specific facts to show that Defendant failed to satisfy any of the other notice requirements imposed by the IRC.  Given these faults, the Court finds that Plaintiffs have also failed to show that *Laing* would permit the Court to ignore the clear language of the Anti-Injunction Act in this case.

3.    Plaintiffs' Requests for a Tax Refund, Return of Property, and Award of Damages Must Be Denied Due to Plaintiffs' Failure to Exhaust Their Administrative Remedies

Two requests remain in Plaintiffs' Complaint:  (1) Plaintiffs' demand for a tax refund and return of property, *see* Compl. ¶ 33; and (2) Plaintiffs' claim for an award of damages, *id.* ¶ 32. In order to state a claim for the requested relief, Plaintiffs are required to have exhausted their administrative remedies prior to the filing of their Complaint.  *See* 26 U.S.C. §§ 7422(a), 7433(d)(1).  As discussed below, Plaintiffs' have failed to satisfy their relevant exhaustion duties; as such, the remainder of Plaintiffs' Complaint also must be dismissed.

a.    *Plaintiffs' Demand for a Tax Refund and Return of Property*

Plaintiffs' Complaint seeks – in part – the "[r]efund of all unassessed taxes, [the] return of all seized property, [and] return of all levied funds."  Compl. ¶ 33.  Two issues immediately arise in conjunction with this request.  First, the IRC, "correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court."  *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Second, Plaintiffs must satisfy an exhaustion requirement before filing suit for a tax refund. Importantly, 26 U.S.C. § 7422 provides, in relevant part, that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); *United States v. Dalm*, 494 U.S. 596, 601-02, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (holding that Section 7422(a) requires a taxpayer seeking a refund to file a claim for a

20

refund before filing suit to collect the refund); *see also Comm'r of Internal Revenue v. Lundy*, 516 U.S. 235, 240, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996) (recognizing that Section 7422(a) "make[s] timely filing of a refund claim a jurisdictional prerequisite to bringing suit"). The procedure promulgated by the IRS for filing such refund claims with the Secretary is contained in 26 C.F.R. § 301.6402-2.

Problematically for Plaintiffs, nowhere in their Complaint, subsequent filings, or attachments do they argue or produce evidence showing that they have fully paid their tax liabilities. Accordingly, under *Flora*, this Court lacks subject-matter jurisdiction to hear their claim for a refund. Moreover, as was the case in *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *18, Plaintiffs no longer contend that they filed a refund claim required by 26 U.S.C. § 7422(a) in the manner prescribed by 26 C.F.R. § 301.6402-2. While initially Plaintiffs made the blanket assertion that they

> exhausted all administrative remedies before bringing this suit by disputing the tax claims made by the defendant and properly petitioning, for all years in question, the Commissioner of the Internal Revenue Service for lawful summary records of assessment and the Secretary of the Treasury for refunds[,]

Compl. ¶ 29, it is now apparent that (1) Plaintiffs have failed to attach any documentation to substantiate this allegation, as was required by Judge Sullivan in his March 6, 2006 "Show Cause" Order, *see* 3/6/06 Show Cause Order at 1; (2) Plaintiffs' Opposition to Defendant's Motion to Dismiss makes no reference to the exhaustion requirement set forth in 26 U.S.C. § 7422(a); and (3) at no point have Plaintiffs alleged that they complied with the specific protocols set forth in 26 C.F.R. § 301.6402-2. As such, in addition to the fact that Plaintiffs' refund claim is barred under *Flora*, the Court also lacks jurisdiction over Plaintiffs' refund request pursuant to

21

26 U.S.C. § 7422 and the reasoning set forth in *Dalm*. *See Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *18 (reaching same conclusion).

                         **b.**    *Plaintiffs' Claim for an Award of Damages*

The final "remedy sought" by Plaintiffs' Complaint is a "[d]etermination of the amount of damages plaintiff(s) is/are [sic] entitled to amend the reprehensible, egregious, and vexatious behavior of the defendant." Compl. ¶ 32. In response, Defendant maintains that Plaintiffs' damages claim must be dismissed because they have not exhausted their administrative remedies as required by 26 U.S.C. § 7433(d)(1). Def.'s Mem. of P. & A. at 8-10.

Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* Consistent with Section 7433(d)(1), the IRS has promulgated regulations that establish procedures to be followed by a taxpayer who believes that IRS officials have disregarded provisions of the tax code in their collection activities. *See* 26 C.F.R. § 301.7433-1. Specifically, these regulations require that an aggrieved taxpayer first submit his or her claim "in writing to the Area Director, Attn: Compliance, Technical Support Manager[,] of the area in which the taxpayer currently resides," and further requires that the claim include:

    i.    The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

    ii.    The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

    iii.    A description of the injuries incurred by the taxpayer filing the claim

> > (include copies of any available substantiating documentation or
> > evidence);
>
> iv.     The dollar amount of the claim, including any damages that have not yet
> been incurred but which are reasonably foreseeable (include copies of any
> available substantiating documentation or evidence); and
>
> v.     The signature of the taxpayer or duly authorized representative.

*Id.*

If such a claim is filed and the IRS has either issued a decision on the claim <u>or</u> has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court pursuant to 28 U.S.C. § 7433(a).  *See* 26 C.F.R. § 301.7433-1(d)(1).  The regulations also provide for immediate filing of suit *following the submission of the administrative claim* if the claim is submitted during the last six months of the two-year statute-of-limitations period.  *See id.* § 301.7433-1(d)(2).  While many courts have treated a failure to meet the exhaustion requirement of 26 U.S.C. § 7433(d)(1) as jurisdictional, and thereby covered by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), *see Turner v. United States*, 429 F. Supp. 2d 149, 155 (D.D.C. 2006) (collecting examples), this Court – based on the analysis set forth by Judge John D. Bates in *Turner*, 429 F. Supp. 2d at 153-55, and Judge Walton in *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *9-*10, *11-*13 – concludes that the D.C. Circuit's decision in *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2005), and the United States Supreme Court's ruling in *Arbaugh v. Y & H Corp.*, --- U.S. ---, 126 S.Ct. 1235, 1242-43, 163 L.Ed.2d 1097 (2006), entail that the requirements of 26 U.S.C. § 7433(d)(1) are non-jurisdictional in character.  As such, any motion seeking dismissal under Section 7433(d)(1) is better characterized as a motion to dismiss for failure to state a claim

23

pursuant to Federal Rule of Civil Procedure 12(b)(6).

In response to the exhaustion requirement set forth in Section 7433(d)(1) and focused on

by Defendant, Plaintiffs make two diametrically opposed arguments.  First, Plaintiffs's

Complaint made the blanket assertion that they

> exhausted all administrative remedies before bringing this suit by disputing the
> tax claims made by the defendant and properly petitioning, for all years in
> question, the Commissioner of the Internal Revenue Service for lawful summary
> records of assessment and the Secretary of the Treasury for refunds.  Plaintiff(s)
> received no timely response from either the Commissioner of the Internal
> Revenue Service or the Secretary of the Treasury.

Compl. ¶ 29.  Plaintiffs appear to follow through on this allegation in their Opposition to

Defendant's Motion to Dismiss, wherein they contend that,

> [c]ontrary to defendant's position in this matter[,] plaintiff(s) have filed an
> administrative claim with Internal Revenue Service, Area 10, Area Director,
> Dallas, 4050 Alpha Road, 1000 MSRO, Dallas, TX 75244.

Pls.' Opp'n to Def.'s Mot. to Dismiss at 6.  However, like the plaintiff in *Waller v. United States*,

Civ. A. No. 06-1112(ESH), 2006 WL 2472781, at *2 (D.D.C. July 7, 2006), Plaintiffs here have

failed to respond to Judge Sullivan's explicit directive to explain how they exhausted their

administrative remedies and have failed to provide "all documentation reflecting the filing of a

claim as described in 26 C.F.R. § 301.7433-1(e)(2)."  3/6/06 Show Cause Order at 1.  Given that

Plaintiffs have produced no evidence that they pursued, let alone exhausted, the proper

administrative remedies, they cannot avoid exhaustion-based dismissal through this argument.

*See McGuirl v. United States*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004) (granting dismissal

because "[a]ltough the plaintiffs assert that they 'have exhausted all of their remedies at least

three-fold times,' they offer no evidence that they pursued" or exhausted the required

administrative remedies); *see also Waller*, 2006 WL 2472781, at *2 (same).

Second, Plaintiffs essentially contradict the initial assertion that they did exhaust their administrative remedies under Section 7433(d)(1) by instead focusing their argument on a contention that they fall into at least one of the demarcated exceptions to the exhaustion requirement. Specifically, Plaintiffs contend that their claim should not be dismissed for failure to exhaust because (1) "such administrative remedies are inadequate," Pls.' 3/17/06 Resp. to Order to Show Cause and/or Mot. to Dismiss; (2) pursuit of relief through the administrative process would be futile, *see* Pls.' 4/18/06 Addendum to Order to Show Cause at 1-2; Pls.' 5/1/06 Addendum to Compl. No. 1 at 1-2; Pls.' 5/22/06 Addendum to Compl. No. 2 at 1-2; and (3) this is a case where the Court should exercise its "extraordinary powers" to provide equitable relief, *see* Pls.' 3/17/06 Resp. to Order to Show Cause and/or Mot. to Dismiss at 1. Each of these arguments is without foundation.

<u>Inadequacy of Administrative Remedies</u>:  While Plaintiffs may claim that the administrative process contemplated by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1 is "inadequate" with respect to their request for damages, such an argument is unsupportable. The pertinent IRS regulations accompanying Section 7433 provide for the exact relief sought by Plaintiffs in this case – i.e., money damages. *See* 26 C.F.R. § 301.74331(e) (providing that taxpayers may recover up to $1,000,000, or $100,000 in the case of negligence, in damages through the administrative process). Indeed, numerous courts have concluded that these procedures are plainly "adequate" in the face of a challenge similar to the one made here by Plaintiffs. *See, e.g.*, *Ting v. United States*, Civ. A. No. 06-419(HHK), 2006 WL 1774516, at *2 (D.D.C. June 27, 2006) (rejecting tax protestor's contention that the Section 7433 administrative

procedures were "inadequate"); *Glass v. United States*, 424 F. Supp. 2d 224, 227-28 (D.D.C. 2006) (same). Accordingly, the Court finds this argument to be without merit.

Futility of the Administrative Process: Plaintiffs next assert that they may avoid the required administrative process because such procedures are virtually certain to prove futile. According to Plaintiffs, "Defendants' [sic] agency has sent numerous correspondence to plaintiff(s) which establish without question that agency (IRS) has articulated a very clear position on the issues regarding its collection activity involving plaintiff(s) which it has demonstrated it is unwilling to reconsider." Pls.' 4/18/06 Addendum to Order to Show Cause. Two problems immediately arise with respect to this assertion.

First, although Plaintiffs are correct that courts sometimes relieve plaintiffs of exhaustion requirements, *see, e.g.*, *McCarthy v. Madigan*, 503 U.S. 140, 146, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("[A]dministrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further."), this decision is generally only possible when the exhaustion requirement is itself a judicial creation. *See Turner*, 429 F. Supp. 2d at 152; *cf. Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir. 1986) (recognizing that even where the exhaustion requirement is not explicitly mandated by statute, it may be waived in 'only the most exceptional circumstances' . . . . Even the probability of administrative denial of the relief requested does not excuse failure to pursue [the administrative remedies]") (citations omitted). By contrast, when exhaustion is mandated by statute, courts are not free to carve out exceptions that are not supported by the text. *See McCarthy*, 503 U.S. at 144, 112 S.Ct. 1081 ("Where Congress specifically mandates, exhaustion

26

is required."); *Avocados Plus*, 370 F.3d at 1247-48 ("If [a] statute does mandate exhaustion, a court cannot excuse it.") (citation omitted).  With respect to Section 7433(d)(1), "Congress's decision in 1998 to revert to the pre-1996 amendment language clearly demonstrates an intention to mandate exhaustion." *Turner*, 429 F. Supp. 2d at 152 n.3 (citing Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. No. 105-206, § 3102(a)(2), 112 Stat. 685). Accordingly, the Court's hands are tied, and Plaintiffs are required to follow the exhaustion procedures set out by the IRS.  *See also Waller*, 2006 WL 2472781, at *2 (reaching the same conclusion).

Second, similar to the plaintiff in *Ting*, Plaintiffs here have not alleged any facts sufficient to support the proposition that an effort to follow the required procedure would have been "futile."  *See Ting*, 2006 WL 1774516, at *2.  Indeed, because Plaintiffs have ignored the administrative remedies available to them, they lack any basis to argue that the IRS would not have responded to, or taken delivery of, their claim.  *Id.*  Persuasive precedent is unanimously in line with this finding, as courts have repeatedly rejected similar futility arguments brought forth by other tax protestors.  *See, e.g.*, *id.*; *Scott v. United States*, 416 F. Supp. 2d 116, 118 (D.D.C. 2006); *Glass*, 424 F. Supp. 2d at 229.  Accordingly, the Court finds Plaintiffs' attempt to avoid the requirement of administrative exhaustion through a "futility" analysis to be without support.

<u>Equitable Authority</u>:  Plaintiffs, in a final attempt to avoid dismissal, assert that the Court should exercise its inherent equitable authority to hear their claim for damages at this time.  *See* Pls.' 3/17/06 Resp. to Order to Show Cause and/or Mot. to Dismiss at 5-6.  Whatever "extraordinary powers" this Court may possess to provide equitable relief in proper cases, *see id.*, it most certainly does not include the power to re-write statutes, as Plaintiffs suggest.  *See id.* at

23 ("Plaintiff(s) respectfully request(s) the Court exercise its equitable powers; find that Congress should not have re-imposed the exhaustion requirement . . . ."). As such, the Court joins with the *Turner* court in declining to follow such a request for equitable relief. *See Turner*, 420 F. Supp. 2d at 153 (citing *McNeil v. United States*, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous. We are not free to rewrite statutory text.")).

Accordingly, the Court determines that Plaintiffs' inadequacy, futility, and equitable authority arguments are without merit. Instead, the exhaustion requirement set forth in Section 7433(d)(1) and 26 C.F.R. § 301.7433-1 applies to Plaintiffs. Given that Plaintiffs have plainly failed to exhaust their administrative remedies, the Court – pursuant to Federal Rule of Civil Procedure 12(b)(6) – must dismiss Plaintiffs' remaining "damages" request for failure to state a claim.

## IV: CONCLUSION

For the reasons set forth above, the Court shall grant Defendant's Motion to Vacate Entry of Default and Cross-Motion to Dismiss in full. This case is closed. An appropriate Order accompanies this Memorandum Opinion.


Date:   September 15, 2006


                                        */s/*
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

28